DREW, Justice.
The appellee husband, plaintiff below, filed suit for divorce on the grounds of extreme cruelty and desertion and prayed for the custody of the five year old child of the parties. After testimony taken before an examiner appointed by the court, a decree was entered granting the husband a divorce and custody of the child.
While this appeal by the wife originally questioned the propriety of the granting of the divorce as well as the qualifications of the examiner, these assignments have been abandoned. The sole question now pré-sented is whether the court erred in granting to the husband the custody of the child.
The child was born in July, 1947. The husband, age thirty-one and the wife, age twenty-one, separated in October, 1948. At all times since the separation the husband had been in the armed forces and away from the home place of the parties in Jackson County, Florida, and the child had been in the custody of the mother. His testimony evidenced no definite plan to return to Florida.
The portion of the' decree with respect to the child reads as follows:
“2. That the custody of Erma Jeán Shores, the minor child of the parties to this cause, be awarded to the Plaintiff, Unior L. Shores, with reasonable rights of visitation during daylight hours reserved unto the Defendant, and that the Plaintiff, and any person or persons in whose care he may place said minor child, shall allow the Defendant to visit said child in his or their *313 home without molestation, for so long as the Defendant properly demeans herself; that the said minor child is ■not to be removed from the State of Florida without the express permission of this Court; and that this Court expressly -retains jurisdiction over the custody of said child and the parties to this cause for such other and further proceedings as may become necessary, meet or just.”
The only testimony pertaining to the husband’s ability to care for the child was that he had a twin brother living in Tallahassee, Florida, with a wife and two children, and that this brother was able to care for the child. There is no credible evidence in the record to show that the wife did not properly care for the child according to her circumstances. The record shows that the child had spent its entire life with the mother. The mother testified that she did want custody of the child, which was in poor health, having been hospitalized four times in the previous two years at her own expense.
While we are always most reluctant to disturb the order of the court below in questions of this kind, under the circumstances shown by the record here and the knowledge which we all have that ordinarily the welfare of a young child is best advanced by being in the mother’s custody, we feel that the mother — at least initially— is entitled to custody of the child and to a reasonable allowance for its support and maintenance. If in the future it should be determined that the mother actually is not giving proper care and attention to the child, different arrangements can be made, under jurisdiction of the court retained for that purpose. The effect of the order entered below is to place the child with strangers miles from the. lifelong home place of the mother and the child, without a substantial showing of any necessity therefor.
That portion of the decree of the court, dated February 6, 1953-, set forth aboye,, pertaining to child custody, is reversed for .,further proceedings-not inconsistent herewith. ; ■
Reversed.
ROBERTS, C. J., .THOMAS, J., and LOPEZ, Associate Justice, concur.